Benito R. MARTINEZ and Genevieve Koontz, individually and as next friend of Elena L. Padilla and Harley Padilla, minors, Plaintiffs-Appellants,

v.

AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN, Defendant-Appellee.

No. 79CA1050.

Colorado Court of Appeals, Division I.

June 19, 1980.

Rehearing Denied July 17, 1980.

Certiorari Denied Dec. 15, 1980.

Richeson & McCain, Robert C. McCain, Denver, for plaintiffs-appellants.

Littell & Dickinson, Robert Hibschweiler, Denver, for defendant-appellee.

VAN CISE, Judge.

Plaintiff Benito R. Martinez (the insured) and the other plaintiffs were involved in a one car accident, as a result of which personal injuries and property damages were incurred. Defendant American Standard Insurance Company of Wisconsin (the insurer) denied coverage. Plaintiffs sued, and summary judgment was entered in favor of the insurer. We reverse.

For purposes of summary judgment, the pleadings, affidavits, depositions, and exhibits established that the insured and insurer entered into an automobile insurance contract for the period December 15, 1976,

through March 15, 1977. In February 1977 insured mailed a renewal premium payment to insurer for the policy term March 15 to June 15. In May insured received a premium notice pertaining to the period June 15 through September 15. The notice stated:

"Pay promptly to continue insurance under your policy. Please send full amount of premium due before the due date since payment shall be considered as having been made only upon receipt at office and not at time mailed. Coverage under your policy as described herein ceases on due date at hour specified in policy unless premium is paid when due."

The notice conformed substantially to provisions in the policy.

A check for the premium amount, dated June 5, 1977, together with the premium due notice were mailed that day or the next to insurer's regional office in Missouri. They were mailed in a plain envelope rather than in the special payment envelope provided by the insurer with the notice. In her affidavit, Esther Gasper, a clerical supervisor for insurer, stated:

"The premium notice on [this policy] bears a time stamp of June 22, 1977, and was therefore received in an envelope which was opened and time stamped by the records unit on that date."

The envelope was not saved. The check was deposited July 13.

On June 16, insured paid an additional premium to the local agent to extend the policy to cover a camper trailer. On June 17, the subject accident occurred. On June 18, the agent mailed to insured an insurer printed form "did you forget" notice, which stated, in pertinent part:

"Did you forget to send in your premium? If you have, please send it in immediately so you won't be without protection. If you have already sent it in, we thank you."

Insured contacted the agent on the morning of June 20 to report the accident. The agent immediately asked if the premium was paid. Insured, having no knowledge of any problem, responded affirmatively. Insured received the "did you forget" notice that afternoon. He attempted unsuccessfully to contact the agent at that time and the next morning. On the afternoon of the 21st, insured went to the agent's office and tendered a new premium payment. After talking with the home office, the agent refused the tender. As of June 22, the date it allegedly received the June 5 check, the insurer issued a new policy for the period June 22 through September 22. It maintained that no insurance was in force on the date of the accident.

Insured contends that under the above facts the insurer is not entitled to judgment as a matter of law. We agree.

The policy provided that no change or waiver of the terms of the policy could occur "except by endorsement issued by the company to form a part of this policy." Strict application of these terms and the prompt payment provisions would preclude recovery. However, despite these policy provisions, the insurer, through its agent, sent insured the "did you forget" notice containing the language "send [the premium payment] in immediately so you won't be without protection." From this language, it is apparent that the insurer did not consider the coverage to have lapsed; instead, it offered continuity in coverage if the insured responded, and it implied that the insured had a reasonable time within which to send in the premium. Accordingly, insured's tender the day after receipt was a timely acceptance of the offer in the notice.

Since the insurer received payment at the latest two days after insured's receipt of the notice, the insurer received what it had asked for and was in no position to stand on the policy provisions relating to termination of coverage for late payment. *See American National Insurance Co. v. Cooper*, 169 Colo. 420, 458 P.2d 257 (1969).

Judgment reversed and caused remanded for further proceedings.

COYTE and KIRSHBAUM, JJ., concur.